# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTOINETTE BANKS,

           Plaintiff,

vs.

DIRECT LOANS SERVICING CENTER, et al.,

           Defendant.

Case No. 2:14-cv-00563-MMD-GWF

**FINDINGS AND RECOMMENDATION & ORDER**

Application to Proceed *In Forma Pauperis* (#1)

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1), filed on April 14, 2014.

## BACKGROUND

Plaintiff and Defendant Gregory L. Mays were married in 1998. *See Dkt. # 1-1*. Plaintiff alleges that in 2001, Defendant Mays was incarcerated for a drug offense and subsequently sentenced to six years in the Federal Bureau of Prisons. *Id*. While Defendant Mays was incarcerated, Plaintiff received notification that Mays' student loans were in default. *Id*. After receiving permission and a Power of Attorney from Defendant Mays, Plaintiff submitted a request to Defendant Direct Loans Consolidation to consolidate Defendant Mays' school loans with her own. *Id*. Defendant Direct Loans Consolidation granted Plaintiff's request and the school loans were placed solely on Plaintiff's credit. *Id*. Plaintiff and Defendant Mays divorced in 2010. *Id*. Plaintiff contacted Defendant Direct Loans Consolidation on June 8, 2012 to inquire about separating the respective loans and was allegedly advised that the only way to do so was by legal action. *Id*.

On December 6, 2011, Plaintiff filed a complaint in the Eighth Judicial District Court, Clark County, Nevada, against Defendant Gregory L. Mays, to have the school loans separated. On May 30, 2012, the Court granted Plaintiff's motion for summary judgment due to Defendant Mays' failure to

1  appear to rectify the debt. *See Dkt. #1-1* at pg. 10. The Court advised Defendant Mays to retrieve his
2  portion of the student loan in the amount of $39,180.84 plus accrued interest back to his credit report
3  immediately. *Id*. Plaintiff alleges she then forwarded the Order to Defendant Direct Loans
4  Consolidation and was advised on July 2, 2012 that the Order was not going to be accepted because
5  Direct Loans is a federal entity. *Id*.

6  Plaintiff alleges that on April 6, 2014, she was contacted by Defendant Direct Loans Servicing,
7  who indicated that her loans were sold to Great Lakes Borrower Services ("GLBS"). GLBS allegedly
8  mailed Plaintiff a statement showing a balance of $116,249.90 in student loan debt. *Id*. Plaintiff
9  indicated that she only owes $49,755,78 of the debt, and that Defendant Mays owes the remaining
10 $66,493.62. *Id*. She alleges that she has attempted to contact Defendant Mays on several occasions by
11 telephone, mail, and by social media sites, to no avail. *Id*. Plaintiff argues that she should not be liable
12 for Defendant Mays' portion of the student loan debt. *Id.*

13 On July 3, 2012, Plaintiff brought an action against Defendants Direct Loans Servicing Center,
14 Direct Loans Consolidation, and Gregory L. Mays to separate the student loan debt. *See Dkt. #1-1*, in
15 case #2:12-cv-01163-PMP-CWH. The Court screened two of Plaintiff's Amended Complaints, both of
16 which, however, failed to allege a basis for subject matter jurisdiction. *See Dkt. #5, 10*, in case #2:12-
17 cv-01163-PMP-CWH. On February 25, 2013, Plaintiff's case was dismissed with prejudice pursuant to
18 Rule 41(b), for failing to timely amend her complaint pursuant to the Court's order. *See Dkt. #11* in case
19 #2:12-cv-01163-PMP-CWH.

20 Plaintiff now brings an identical action against the same Defendants, therein requesting this
21 Court enter a Judgement against Defendant Mays for $66,493.62 and order Defendants Direct Loans
22 Servicing Center and Direct Loans Consolidation to separate the student loans and restore the original
23 debt to the respective owners.

24 **DISCUSSION**
25 **I.    Application to Proceed In Forma Pauperis**
26 Plaintiff filed this instant action and attached a financial affidavit to her application and
27 complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28
28 U.S.C. § 1915, the Court finds that she is unable to pre-pay the filing fee. As a result, Plaintiff's request

to proceed in forma pauperis in federal court is granted.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.     Plaintiff's Complaint**

Federal Courts are courts of limited jurisdiction.  Pursuant to 28 U.S.C. §1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded" complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly plead complaint."  *Id*.  Here, Plaintiff has not alleged a violation of the Constitution, laws, or treaties of the United States."  In fact, Plaintiff has not cited any law under which she wishes to proceed.  Accordingly, the Court finds there is no federal jurisdiction because a federal question is not present on the face of Plaintiff's complaint.

Similarly, pursuant to 28 U.S.C. §1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff appears to reside in Las Vegas. Unfortunately, Plaintiff has not indicated the citizenship of the Defendant in her Complaint. Moreover, it does not appear the amount in controversy exceeds $75,000. Thus, the Court finds that Plaintiff has not demonstrated that diversity of citizenship could provide the bases for subject matter jurisdiction.

Furthermore, claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment. *See Montana v. United States*, 440 U.S. 147, 153 (1979). It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980). A claim is precluded when: (1) the present action is between the same parties or their privies as those to the prior action; (2) the prior decision was a final decision on the merits; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Id*.

The requirement that a judgment must be rendered "on the merits" guarantees to every plaintiff the right to be heard on the substance of her claim. Ordinarily, the doctrine may be invoked only after a judgment has been rendered which reaches and determines "the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *See Clegg v. U.S.*, 112 F.2d 886, 887 (10th Cir. 1940). One of the exceptions to this rule, however, is found in Fed. R. Civ. P. 41(b). It provides that an involuntary dismissal for failure to prosecute, or for failure to comply with the Rules or any order of the court, shall operate as an "adjudication upon the merits," although the substantive issues of the case are never reached. *See* Fed. R. Civ. P. 41(b); *see also Angel v. Froehlich*, 967 F.2d 583, 583 (9th Cir. 1992) (finding that a Rule 41(b) involuntary dismissal is a judgment on the merits unless based on lack of jurisdiction, improper venue, or failure to join a party under Rule 19); *see also Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (finding that when a Plaintiff fails to timely amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order, which the

4

district judge can dismiss with prejudice pursuant to Rule 41(b)); *see also Madsen v. Herman*, 961 F.2d 216, 216 (9th Cir. 1992) (finding res judicata applied where a prisoner's initial complaint was dismissed with prejudice for failure to state a claim upon which relief could be granted).

Here, Plaintiff Banks brought an identical claim against the same Defendants in a previous case, which was dismissed with prejudice pursuant to Rule 41(b) for Plaintiff's failure to timely file an amended complaint pursuant to the Court's order. Pursuant to *Froehlich*, Plaintiff is therefore precluded from bringing her present claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed with prejudice** due to the principle of res judicata.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of

. . .

. . .

. . .

. . .

the District Court.  *Martinez v. Yist*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of June, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge